Per Curiam.
The plaintiffs purchased of the defendants a quantity of coffee, per sample, which was to arrive, and paid for the coffee by a draft on London. Upon the arrival of the coffee it was examined by the plaintiffs, and they discovered as alleged, that it did not conform to the contract as made, of which the defendants were duly notified and who declined to take the coffee back. Thereafter on notice to the defendants the coffee was sold by the plaintiffs on account of the defendants, upon which sale they realized as they allege in their complaint $12,774.56 which they applied in the reduction of the purchase price of the coffee, which was $14,538.68, which they paid in advance, leaving a balance of some $1,764, for which they brought this action.
On the trial, one. of the plaintiffs, Mr. Gustav A. Eecknagel, was examined as a witness, and on cross-examination having stated that the shipments of coffee were sold at auction, was asked whether he had received any amount of money since October 1, 1881, which he applied on account of the purchase price as alleged in the complaint, to which the defendants counsel objected. He was then asked ‘ ‘ have you received any part of the purchase-price of the coffee namely, $14,538.68 ?” To which he answered that he had. He was then asked ‘ ‘ How much have" you received ? ” This question was objected to and excluded upon the ground as stated by the court that the auctioneer would show how much the coffee was sold for, and how much was received for it, to which ruling the plaintiff’s counsel then and there duly excepted.
The complaint was dismissed substantially upon the *528 ground that the plaintiffs did not prove what they received for the coffee sold, and hence the importance of the question which was rejected and to which exception was taken. We think the exclusion of that question was error. It was not absolutely necessary that the auctioneer should be called because the question was asked of one of the plaintiffs and in reference to the amount received by him; information which from him was very properly sought.
For those reasons, without considering any of the other exceptions in the case," it is incumbent upon us to reverse the judgment.
The judgment should be reversed and. a new trial ordered with costs to appellant to abide event.